[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12034
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-21082-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COLLIE LEE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Collie Lee Williams was convicted of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)(ii) (Count 1), using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 3). Williams received concurrent sentences of 204 months' imprisonment on Counts 1 and 3, and a consecutive sentence of 60 months' imprisonment on Count 2. Williams asserts two issues on appeal, which we address in turn.

I.

Williams first challenges the sufficiency of the evidence, contending the evidence adduced at trial merely established he purchased drugs for personal use and, thus, was insufficient to prove he intended to distribute drugs or carried a firearm in relation to a drug trafficking crime, as charged in Counts 1 and 3.

"To support a conviction for possession of a controlled substance with intent to distribute, the evidence must show that the defendant knowingly possessed the controlled substance with the intent to distribute it." *United States v. Leonard*, 138 F.3d 906, 908 (11th Cir. 1998). To support a conviction under 18 U.S.C. § 924(c)(1)(A), the government must prove the defendant (1) committed a federal

drug trafficking crime and (2) used, carried, or possessed a firearm in relation to or in furtherance of that crime. 18 U.S.C. § 924(c)(1)(A).

Viewed in the light most favorable to the verdict, a reasonable jury could have found beyond a reasonable doubt Williams possessed crack cocaine with intent to distribute and carried a firearm in relation to the drug trafficking offense. *See United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007) (stating the evidence is sufficient to support a conviction if a reasonable jury could conclude it established guilt beyond a reasonable doubt). Detective Hugh Oliphant testified he observed Williams hand Jones a clear plastic bag with a red dot on it and a yellow tint within. Oliphant then observed Jones place the bag inside a purse that, in turn, was placed into a white Styrofoam container within a cardboard box located in front of the convenience store. Although Williams suggests the jury was not entitled to credit Oliphant's testimony, the testimony was not incredible as a matter of law. *See United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (stating we must accept a jury's credibility determinations unless the testimony is incredible as a matter of law). First, despite being located approximately 20 to 25 yards away from the transaction, Oliphant maintained he had an unobstructed view of the transaction and the magnification of his binoculars effectively placed him 2 to 3 yards from the transaction. *See id.* ("For testimony of a government witness to be

3

incredible as a matter of law, it must be unbelievable on its face." That is, the testimony must concern facts the witness "physically could not have possibly observed or events that could not have occurred under the laws of nature.") (quotations omitted). Moreover, Oliphant's testimony was consistent with other evidence adduced at trial, including the video recording played for the jury; the location and appearance of the recovered bag of crack cocaine, which notably bore the insignia of a red apple; the absence of drugs found on Williams' person or in his vehicle; and the fact no one saw Williams throw anything away other than the handgun later recovered by police. The lack of drugs found in Williams' possession also undermines his theory he simply purchased drugs from Jones for his own personal use.

The evidence was also sufficient to support Williams' conviction for carrying a firearm during and in relation to a drug trafficking offense. Not only did Williams admit to possessing a firearm, the uncontradicted evidence also showed he possessed and disposed of the firearm during and shortly after his transaction with Jones. In light of the evidence, a reasonable jury could conclude Williams' possession of the gun was not merely coincidental, but rather, that it at least had the potential to facilitate the drug trafficking offense by protecting the drugs or the proceeds derived from their sale. *See United States v. Timmons*, 283 F.3d 1246,

4

1251 (11th Cir. 2002) (explaining the "in relation to" requirement is met where a firearm facilitates or has the potential to facilitate a drug trafficking offense).

## II.

Second, Williams challenges his sentence on Count 2, arguing the district court erred in its construction of 18 U.S.C. § 924(c)(1)(A) to mandate a 5-year consecutive term on Count 2, even though he was otherwise subject to a 15-year mandatory minimum sentence on Count 3. Williams' argument is belied by the record. The district court stated it was not obligated to impose a mandatory consecutive 5-year sentence on Count 2. Although the district court ultimately imposed a consecutive sentence of five years, it did not do so because it believed it was mandatory.[1]

**AFFIRMED.**

---

[1] Williams does not challenge the reasonableness of his below-Guidelines sentence.